USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  April 3, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LESHAWN YOUNG,

                         Plaintiff,

          -against-

AYYAN, INC. and AYEYA INC.,

                         Defendants.

25-CV-10183 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

The Court's docket includes many claims by visually-impaired plaintiffs alleging a defendant failed to make its website accessible in violation of the Americans with Disabilities Act. A significant number of those plaintiffs are represented by counsel in this case: Jeffrey Michael Gottlieb and Michael A. LaBollita. *See, e.g., Senior v. Oglethorpe. Univ., Inc.*, No. 25-CV-01303; *Senior v. Koco Life, LLC*, No. 25-CV-05353; *Jackson v. Mother Nature Organics Corp.*, No. 25-CV-07342; *Moran v. Peter Millar LLC*, No. 25-CV-08192.

In all cases of this type, the Court enters the same Order (1) staying a defendant's deadline to answer; (2) requiring the parties to meet and confer within thirty (30) days of service of the complaint; and (3) requiring the parties to file a joint letter within forty-five (45) days of service of the complaint. An example of that Order is available at Docket No. 6. Plaintiff's counsel should be well-familiar with this Order from the many such cases they are handling before this Court.

In case after case, however, Mr. Gottlieb and Mr. LaBollita simply fail to either read the Court's order or abide by it, as well as failing to do other basic tasks of a plaintiff's counsel such as filing proof of service. Seldom does the Court receive the Court-ordered joint letter by the deadline, requiring the Court's staff to email counsel about the letter's whereabouts—as they have done dozens of times spread out across different cases. Alternatively, the Court has had to issue orders soliciting counsel to make basic filings. *See, e.g., Jackson v. Mother Nature Organics Corp.*, Dkt. No. 9, No. 25-CV-07342 (Nov. 12, 2025) (soliciting the previously ordered joint letter); *Senior v. Corneacare, Inc.*, Dkt. No. 7, No. 25-CV-10481 (Mar. 19, 2026) (noting plaintiff never filed proof of service and warning the Court would promptly dismiss the case unless counsel filed proof of service); *Thorne v. Karbon Bikes, LLC*, Dkt. No. 7, No. 25-CV-03085 (July 17, 2025) (same); *Fagnani v. Bebird (USA) Inc.*, Dkt. No. 7, No. 25-CV-00625 (Apr. 28 2025) (same); *Crumwell v. Chicos Fas, Inc.*, Dkt. No. 7, No. 24-CV-09246 (Apr. 28, 2025) (same).

This case presents yet another example of representation falling below minimum standards of professionalism. In response to the Court's order for a status update given Plaintiff never filed proof of service, Plaintiff indicated it has not heard from Defendants and that Defendants' answer is due on April 7, 2026. Dkt. No. 14. As the Court has explained to counsel

*numerous times*: Defendants' deadline to answer is stayed and counsel must make efforts to schedule a meet-and-confer. *See, e.g.*, *Senior v. Koco Life, LLC*, Dkt. No. 9, No. 25-CV-05353 (Aug. 27, 2025) (explaining defendant has not missed its deadline to answer given the Court previously stayed that deadline).

Mr. Gottlieb and Mr. LaBollita are approaching sanctionable conduct. They must promptly *file* proof of service in their lawsuits. They must *read* the Court's Orders. And they must *comply* with those Orders, including the applicable deadlines.

In that spirit, it is hereby ORDERED that Plaintiff file a letter on or before **April 8, 2026**. The letter must be signed, with an actual wet signature (*i.e.*, not electronic), by both Mr. Gottlieb and Mr. LaBollita. It must also (1) certify they have read and understand both this Order and the Court's Order dated December 11, 2025 (Dkt. No. 6); and (2) enumerate their efforts at scheduling a meet-and-confer with Defendants or their counsel.

Dated: April 3, 2026
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

2